UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO.:   M-15-163 |
| | § | |
| REAL PROPERTY LOCATED AT | § | |
| 3330 N. BORDER AVENUE, | § | |
| WESLACO, TEXAS | § | |
| Defendant. | | |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

The United States of America, Plaintiff, files this action for forfeiture *in rem* against the above-entitled Defendant Real Property. The Defendant, 3330 N. Border Avenue in Weslaco, Texas, will be referred to as the "Defendant Property." The United States alleges on information and belief as follows:

I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The Defendant Property is located in the Southern District of Texas and is within the jurisdiction of this Court.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b).

II. PROPERTY SUBJECT TO FORFEITURE

3. The Defendant Property is real property located at 3330 N. Border Ave. in Weslaco, Texas, together with all improvements, buildings, structures and appurtenances, and is legally described as follows:

A 5.666 acre tract of land out of Farm tract One Hundred Eighty-four (184), Block One Hundred Sixty-one (161), West Tract Subdivision, Hidalgo County, Texas, as per map or plat thereof recorded in Volume 2, Page 34-37, Map Records, Hidalgo County, Texas, said tract more particularly described by metes and bounds as follows:

BEGINNING at a spindle set for the Southwest corner of Farm Tract 184 for the Southwest corner of the tract of land herein described;

THENCE, North along the East line of said Farm Tract, 187.00 feet to a point set for the Northwest corner;

THENCE, East at 15.0 feet an iron pin for the East right-of-way line of Mile 5-1/2 West, at 1,275.00 feet an iron pin set for an offset to the Northeast corner, and at 1,320.00 feet in all a point for the Northeast corner;

THENCE, South 187.00 feet to an iron pin set for the Southeast corner;

THENCE, West at 20.00 feet an iron pin for an offset point, at 1,305.00 feet an iron pin for the East right-of-way line of Mile 5-1/2 West Road, and at 1,320.00 feet in all a spindle being the Southwest corner of this tract of land, the POINT OF BEGINNING AND CONTAINING 5.666 acres, more or less.

The record owner of the Defendant Property is Omar Fidencio ROJAS.

## STATUTORY BASIS FOR FORFEITURE

4. This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 [of Title 18], or any property traceable to such property." Conducting a financial transaction involving more than $10,000 in proceeds of specified unlawful activity is money laundering in violation of 18 U.S.C. § 1957. Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as real property involved in, or traceable to, money laundering in violation of 18 U.S.C. § 1957.

Defendant property is also subject to forfeiture under 21 U.S.C. § 881(a)(6) as property purchased with narcotic trafficking proceeds or other property traceable to proceeds received from narcotic trafficking.

## FACTUAL BASIS IN SUPPORT OF FORFEITURE

5. During an ongoing investigation into a drug trafficking organization directed by Tomas

2

Reyes Gonzalez (Gonzalez), agents from the Drug Enforcement Administration (DEA) and Criminal Division of the Internal Revenue Service (IRS) identified other individuals who assisted Gonzalez in the unlawful distribution of marijuana and cocaine and in the collection of the proceeds from the sale of these narcotics in cities including Alabama, Arkansas, Tennessee, and Georgia. Tomas Reyes Gonzalez and several others were indicted in the Southern District of Texas, McAllen Division in September 2013 in criminal cause 7:13-CR-1154. The indictment charged Gonzalez and others with conspiracy to possess with the intent to distribute a controlled substance and conspiracy to launder narcotic trafficking proceeds in violation of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 1956(h).

6.  The criminal and financial investigation into the Gonzalez drug trafficking organization continued, and Omar Fidencio ROJAS was identified as an individual who assisted the organization by verifying the weights of marijuana loads and accounting for the expenses and cash proceeds of each delivered load.  In December 2013, Omar Fidencio ROJAS was included in Superseding Indictment 7:13-CR-1154-S which charged him with conspiracy to possess with the intent to distribute a controlled substance, three counts of possession with intent to distribute marijuana, conspiracy to launder narcotic trafficking proceeds, and engaging in monetary transactions involving drug trafficking proceeds, all in violation of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. §§ 1956(h) and 1957.

7.  During his involvement with the Tomas Gonzalez drug trafficking organization, Omar Fidencio ROJAS purchased a 5.6 acre tract of land out of Farm Tract 184, Block 161, in West Tract Subdivision (herein referred to as the "5 Acres") on September 26, 2012.  ROJAS entered into a contract to purchase the 5 Acres with Mary Aguirre.  The sales price of the 5 Acres was $110,000.  The real estate closing transaction occurred at Edwards Abstract and Title Company in Weslaco, Texas as evidenced by a US Department of Housing and Urban Development Settlement Statement dated September 26, 2012.  ROJAS paid $51,430 at closing.  Mary Aguirre, the seller, financed the balance

of $60,000 and executed a Note Payable with ROJAS.

8. ROJAS delivered the closing payment of $51,430 via 3 cashier's checks as evidenced by Escrow Receipts provided by Edwards Abstract and Title Company:

- Escrow Receipt 400-675: issued to OMAR FIDENCIO ROJAS for the receipt of $40,000 received on October 5, 2012. ROJAS paid with Security First Credit Union cashier's check number 100063.
- Escrow Receipt 400-684: issued to OMAR FIDENCIO ROJAS for the receipt of $4,430 received on October 15, 2012. ROJAS paid with Security First Credit Union cashier's check number 100526.
- Escrow Receipt 400-685: issued to OMAR FIDENCIO ROJAS for the receipt of $7,000 received on October 15, 2012. ROJAS paid with a Security First Credit Union cashier's check number 100233.

9. Edwards Abstract and Title Company in Weslaco, Texas collected personal information from ROJAS in order to prepare and file FINCEN Form 8300 due to the combination of the 3 cashier's checks in a total amount over $10,000. According to Financial Crimes Enforcement Network 8300 Transcript Document Locator Number (DCN) 20122970135550, ROJAS claimed his occupation was an "Automotive Wholesale Buyer".

10. An investigation into the source of the funding for the three cashiers' check was conducted by the agents. It was learned that ROJAS opened a savings and checking account at Security First Credit Union in Weslaco, Texas on September 24, 2012. He deposited two checks from Cano Motors to open the checking account. Each check was made payable to OMAR ROJAS and dated September 10, 2012; check 7847 was paid in the amount of $13,613 and check 7848 was paid in the amount of $26,481. On October 5, 2012, ROJAS used the proceeds from the combined deposits of the Cano Motors checks to purchase Security First Credit Union cashier's check number 100063 payable to Edwards Abstract and Title Company in the amount of $40,000.

Albert Valadez, the General Manager of Cano Motors, was interviewed and stated that the dealership negotiated the purchase of two vehicles from ROJAS in September 2012; The vehicles included a 2005 Ford F250 and a 2011 Mercedes Benz. Valadez and Cano Motors paid ROJAS $13,613 for the Ford F250 with Cano Motors check 7847 and $26,481 for the 2011 Mercedes Benz with Cano Motors check 7848. Contrary to the information provided by ROJAS to Edwards Abstract and Title Company, Albert Valadez stated ROJAS was not an automobile wholesaler but was selling the vehicles to the dealership as an individual owner.

11. ROJAS purchased 2 additional cashier's checks with cash from Security First Credit Union, each made payable to Edwards Abstract and Title Company. On October 9, 2012, ROJAS deposited $7,000 cash into his checking account which funded the purchase of cashier's check number 100233 in the amount of $7,000. On October 13, 2012, ROJAS deposited $5,000 cash into his checking account which funded the purchase of cashier's check number 100526 in the amount of $4,430.

12. Both the 2005 Ford F50 and the 2011 Mercedes Benz were purchased by ROJAS with narcotic trafficking proceeds. He purchased the 2005 Ford F250 from Quality Auto Sales in Guntersville, Alabama on October 27, 2010. According to records provided by Quality Auto Sales, ROJAS paid $13,000 cash for the 2005 Ford F250; $8,500 cash was paid on October 27, 2010, and $4,500 cash was paid on October 30, 2010. ROJAS purchased and registered the vehicle in his name at the direction of Tomas Gonzalez. A Confidential Source of Information (herein referred to as CS) provided information regarding the Tomas Gonzalez DTO. The CS was with ROJAS at Quality Auto Sales in Alabama when ROJAS purchased the 2005 Ford F250 Pickup Truck. The truck was purchased with $13,000 of narcotic trafficking proceeds received from the delivery of marijuana to Alabama. The truck was then used for the interstate transportation of narcotic trafficking proceeds to the Texas Rio Grande Valley.

13. Several months prior to his sale of the 2011 Mercedes Benz to Cano Motors, Omar Fidencio Rojas purchased the Mercedes from Jose A. Rios.   ROJAS made an initial payment of $4,000 cash and a second cash payment of $4000.

14. Mary Aguirre advertised the 5 Acres for-sale and OMAR ROJAS responded to the advertisement. Aguirre and ROJAS agreed on a sales price of $110,000 with payment of $50,000 at closing and a Note Payable in the amount of $60,000.

15. ROJAS began making monthly cash payments of $1,000 to Aguirre in or about September 2012.  ROJAS typically delivered cash payments to Aguirre at her residence in Weslaco, Texas. Following ROJAS' arrest in November 2013, Aguirre's son picked up 3 cash payments from ROJAS at his residence between November 2013 and July 2014.   Since September 2012, ROJAS paid in excess of $31,500 cash to Mary Aguirre.   On one occasion, Aguirre made a payment of $10,000 cash, and several other payments by ROJAS were in excess of the $1,000 monthly amount.

16. Following his purchase of the 5 Acres, ROJAS constructed a gated-entry for the property and also constructed a metal building.   ROJAS applied for a building permit with the Hidalgo County Planning Department on May 24, 2013.   According to the building permit, ROJAS declared his intent to construct a 5,000 square foot barn on the 5 Acres and estimated the total cost of the structure to be $22,000.

17. Jesus Moreno, a Stucco Contractor met ROJAS in 2013 through Jose Luis Cantu, the owner of Golden Concrete.   ROJAS contracted with Golden Concrete to pour a foundation on the 5 Acres. ROJAS hired Moreno to build the stone and stucco gated, arch entry on the 5 Acres.   ROJAS also hired Moreno for stucco work on a metal building located on the property.   Moreno was paid approximately $10,000 cash by ROJAS for the stucco work.   The stone used in the gated entry was by ROJAS purchased at Southern Stone located between Donna and Weslaco, Texas on Highway 83. According to

invoices provided by Southern Stone, ROJAS paid over $8,400 cash in February 2013 and March 2013 for materials delivered to and used in construction of the gated entry at the 5 Acres.

18. Jose Luis Cantu, the owner of Golden Concrete was contracted by ROJAS in 2013 to construct a stained cement driveway and a large foundation on the 5 Acres. ROJAS paid $13,000 cash to Cantu for the jobs. ROJAS paid for delivery of cement used to by Cantu to construct the driveway and foundation. Jose Luis Cantu introduced ROJAS to Eduardo Maciel for the construction of a metal building on the 5 Acres.

19. In June 2013, ROJAS agreed to pay Maciel to begin construction of a turn-key building for $58,000. ROJAS paid 50% percent down and then made 4 additional payments, all in cash. In total, ROJAS paid Maciel $54,000 cash and bartered the exchange of a light tower for a remaining balance of $4,000.

20. On June 3, 2014, a federal search warrant was executed at the residence of Omar Fidencio ROJAS and Cynthia Juarez in Weslaco, Texas. Numerous documents and records, including copies of individual tax returns for the years 2006 through 2013 were seized. A financial analysis of the federal income tax returns and identified cash expenditures was conducted. It was determined that the total United States currency spent by ROJAS during the years 2010 through part of 2014 was $396,000. In 2013, the year ROJAS constructed his residence on Defendant Property, ROJAS spent in excess of $252,000 United States currency. Cash expenditures exceeded ROJAS'S reported income for years 2008, 2009, 2011, 2012, 2013 by $210,000. The net worth analysis based upon the evidence accumulated during the financial investigation of Rojas supports a conclusion that Rojas purchased the Defendant property and improvements with proceeds and property traceable to proceeds of his narcotic trafficking activities with the Tomas Gonzalez drug trafficking organization.

21. On July 24, 2014 a federal jury sitting in McAllen, Texas found ROJAS guilty of three

counts of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a) and six counts of engaging in a monetary transaction with a financial institution in criminally derived property with a value greater than $10,000 in violation of 18 U.S.C. § 1957. (7:M-13-CR-1154-S5; Dkt. No. 319). One particular 18 U.S.C. § 1957 conviction - Count Eleven- charged that the Security First Credit Union cashiers' checks provided by ROJAS to Edwards Abstract and Title Company for the purchase of the Defendant property were derived from the unlawful distribution of controlled substances.

Accordingly, the Defendant Property, including improvements, was purchased with drug trafficking proceeds and involved in a monetary transaction with a financial institution, in violation of 18 U.S.C. § 1957, thereby making Defendant Property subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6).

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Fed. R.Civ.P. 12 must be filed no later than 21 days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this complaint.

## PRAYER

WHEREFORE, the United States of America prays:

1. Notice issue according to the normal procedure of this Court citing all persons having an interest in the above described Defendant Property to appear on the return day of process by filing a claim and answer pursuant to Rule G, Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by the Court;

2. That judgment of forfeiture to the United States be decreed against the Defendant Property; and

3. For costs and such other and further relief to which the United States may be entitled.

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

*/s Mary Ellen Smyth*
Mary Ellen Smyth
Assistant United States Attorney
Federal Bar No. 31348
Texas Bar No.   18779100
11204 McPherson Road, Suite 100A
Laredo, Texas 78045-6576
Phone:     (956) 723-6523
Fax:         (956) 618-8009

## VERIFICATION

I, Buddy Adams, Special Agent with the Internal Revenue Service, Criminal Investigation Divion, declare under penalty of perjury that I am one of the agents responsible for the investigation concerning this litigation. I have read the above Complaint for Forfeiture. Based upon the investigation conducted by myself and other agents of the Drug Enforcement Administration, and my review of that investigation, the information contained in the Complaint for Forfeiture is true and correct and establishes probable cause to seize and forfeit the Defendant Property as set forth therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 15 day of April, 2015.

_____
Buddy Adams, Special Agent
Internal Revenue Service
Criminal Investigation Division

SUBSCRIBED and SWORN to before me the undersigned Notary Public on this the 15th day of April, 2015.

_____        _____
My Commission Expires                 Notary Public for the State of Texas



MARIBEL GONZALEZ
My Commission Expires
February 18, 2019